**Coon v. Kassgerji**

*C. Kurt Mulzet,* for plaintiff.
*Michael E. Flaherty,* for defendant.

FRIEDMAN, *J.,* December 15, 2009—This case is a commercial landlord-tenant matter which was tried without a jury on March 11 and 12, 2009, before the Honorable Robert P. Horgos, formerly of this court. Judge Horgos entered a verdict in favor of plaintiff on March 26, 2009, and defendants thereafter filed a timely post-trial motion. After Judge Horgos retired, the case was reassigned to the undersigned for disposition. The parties filed briefs, and oral argument on the post-trial motion was held on July 13, 2009. We entered an order on that date in which we corrected the amount of the verdict to $18,538.29, to reflect an undisputed credit to which the defendants were entitled, and we otherwise denied defendants' post-trial motion. This appeal followed.

We properly denied defendants' post-trial motion because it was up to Judge Horgos to weigh the credibility of the witnesses and to apply his discretion, and we cannot disturb those findings.

In their statement of matters complained of on appeal pursuant to Pa.R.A.P. §1925(b), defendants raise two general issues: that the court erred in failing to award defendants'/tenants' lost profits based on the loss of use of the basement, and that the court erred in failing to give a credit to defendants for lost profits caused by the delay in opening their restaurant.[1]

Regarding the loss of use of the basement, counsel for defendants argued that although the lease provided that the premises were "as is," "as is" did not include a wet basement which was unusable for food storage or preparation. Counsel for defendants argued that they should have been entitled to a judgment in their favor on a counterclaim for the loss of use, in the amount of $1,000 per month for a total of $17,000.

Regarding the claim for lost profits caused by the two-month delay in opening the restaurant due to water damage, defendants' counsel argued that Mr. Kassgerji testified as to his profits for the two comparable months of the following year. He also argued that Judge Horgos improperly treated this claim as a setoff, not a counterclaim.

---

1. In their post-trial motion and at the argument thereon, defendants also raised an issue that plaintiff should not have received a $2,000 credit for a stove that had been removed from the premises. However, the issue regarding the stove was not raised in defendants' statement of matters complained of on appeal.

Counsel for plaintiff argued that defendants have not paid any rent. Counsel for plaintiff also argued that the intentions of the parties—such as, how important the basement was—was a matter to be determined by the fact-finder, Judge Horgos. He also noted that lost profits must be pled with particularity and supported with sufficient evidence, usually in the form of expert testimony, which was not the case here.

We concluded that there was no basis for us to disturb Judge Horgos' decision. Judge Horgos may not have believed defendants' evidence, or he may have concluded that the evidence was insufficient. Judge Horgos may have found that Mr. Kassgerji's failure to pay any rent at all may have mitigated against his credibility. It would be conjecture for us to overturn his decision. Although defendants argued that their lost profits claim was a counterclaim and not a setoff, defendants are still held to the formal requirements of pleading in spite of the fact that they filed it pro se. Judge Horgos in his discretion treated defendants' claims regarding the lost profits as a setoff, not a counterclaim.

We properly refused to grant defendants' post-trial motion.